DYK, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority with respect to the '231 patent, and with its holding that there is no literal infringement of the '671 patent and '649 patent. However, I disagree with the majority that a genuine issue of material fact remains as to infringement of the '671 and '649 patents under the doctrine of equivalents.
The only relevant claim limitation at issue with respect to the '671 and '649 patents requires that the “shunt and ... capacitor [be] operatively disposed in parallel with respect to [the] first current circuit.” J.A. 61 ('671 Patent col.16 11.63-65). The district court construed the “operatively disposed in parallel” portion of this limitation to mean “arranged in a manner capable of forming alternative paths of current such that current can flow across one or the other path.” See Brilliant Instruments, Inc. v. GuideTech, Inc., 2011 WL 3515904, at *5-6, 9 (N.D.Cal. Aug. 11, 2011) (“Summary Judgment Order”). It also implicitly recognized, however, that the remaining portion of this limitation required that this current flow be “with respect to” the first current circuit. See id. at *9.
There is no dispute in this case that the capacitor in the accused device was part of the first current circuit and therefore inside of that circuit. Id. Thus, the capacitor could not possibly be disposed in parallel “with respect to” something of which it is already a part. The district court, in rendering a judgment of noninfringement for Brilliant, therefore emphasized that “the capacitor is not on an alternative path on which current flows from the first current circuit.” Id. (emphasis added). The majority acknowledges that “in Brilliant’s accused product the capacitor is part of the first current circuit,” and holds that “Gui-deTech cannot establish literal infringement” of either the '671 or the '649 patent. Maj. Op. at 1346. However, the majority rejects the district court’s conclusion that this fact “preclude[d] a finding of infringement ... under the doctrine of equivalents.” Summary Judgment Order, 2011 WL 3515904, at *9. In so doing, it relied on GuideTech’s expert report from Dr. West as raising a genuine issue of material fact. See J.A. 1027; Maj. Op. at 1347.
I disagree. The function-way-result test for equivalents requires “showing on a limitation by limitation basis that the accused product performs substantially the same function in substantially the same way with substantially the same result.” Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 559 F.3d 1308, 1312 (Fed.Cir.2009) (emphasis added). Similarly, we have recently reiterated that “[r]e-gardless [of] how the equivalence test is articulated, ‘the doctrine of equivalents must be applied to individual limitations of the claim, not to the invention as a whole.’ ” Mirror Worlds, LLC v. Apple Inc., 692 F.3d 1351, 1357 (Fed.Cir.2012) (quoting Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997) (emphasis added)). This guidance to consider each claim limitation under the doctrine of equivalents flows from the principles of claim vitiation, which require a determination of whether there is a substantial difference or a difference in kind between each individual claim limitation and the accused product. See Trading Techs. Int’l, Inc. v. eSpeed, Inc., 595 F.3d 1340, 1355 (Fed.Cir.2010).
While Dr. West purports to follow this guidance, in fact Dr. West’s report is inconsistent with the approach articulated in the cases. It applies the equivalent to the *1350 invention as a whole rather than to the particular claim limitation at issue. The Dr. West expert report, in reciting the function-way-result of the claimed invention, states:
[T]he electrical disposition of the shunt and the capacitor with respect to the first current circuit of the BI200 and BI220 is equivalent to the electrical disposition of the shunt and the capacitor with respect to the first current circuit of this claim limitation because it performs substantially the same function 0allowing the shunt to control the path of current flowing to or from the first current circuit) in substantially the same way (wherein an electrical path from the first current circuit can be traced to either the capacitor or the shunt) to achieve substantially the same result (providing an electrical relationship wherein, e.g., the shunt can direct current to flow from the first current circuit to the second current circuit or from the first current circuit to the capacitor ).
J.A. 1027 (emphasis added). As the majority properly asks, “[ejveryone. agrees that the capacitor in the accused device is not located [such that it is operatively disposed in parallel with respect to the first current circuit], but is the change in location an insubstantial difference?” Maj. Op. at 1348. Dr. West’s report fails to even address this question.
The “same result” Dr. West contends is achieved by the accused device is a result where “the shunt can direct current to flow from the first current circuit to the second current circuit or from the first current circuit to the capacitor.” J.A. 1027 (emphasis added). But this “same result” cannot occur in the accused device, as it is undisputed that, because the capacitor is inside the first current circuit, current cannot flow from the first current circuit to the capacitor. An appropriate doctrine of equivalents analysis would have identified an identical result that was achieved in both the claimed invention and the accused invention, thereby demonstrating that the difference between the two was insubstantial. But there is no evidence in the record — from Dr. West or elsewhere — explaining why the difference between the claimed invention and the accused device (i.e., that the capacitor in the accused device is located inside, as opposed to outside, the first current circuit) is insubstantial or how the function-way-result test is satisfied as to this limitation.
Once Brilliant brought forth expert evidence that its devices were outside the scope of the claim limitations under a doctrine of equivalents analysis, the burden fell on “the nonmoving party [in this case, Guidetech] to set forth specific facts showing that there is a genuine dispute for trial.” Minkin v. Gibbons, P.C., 680 F.3d 1341, 1349 (Fed.Cir.2012); Shum v. Intel Corp., 633 F.3d 1067, 1076 (Fed.Cir.2010). This Guidetech did not do. Indeed, given that no evidence exists showing that Brilliant’s accused products met the “with respect to” portion of the relevant limitation under the doctrine of equivalents, Brilliant merely needed to point out, as it did, “that there is an absence of evidence to support [Guidetech’s infringement] case.” Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
Accordingly, I respectfully dissent as to this aspect of the majority’s opinion, and I would affirm the district court’s judgment of noninfringement as to the '671 and '649 patents under the doctrine of equivalents.